UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY REED SERGENT,

    Plaintiff,

v.                                              Case No. 3:23-cv-1323-MMH-MCR

ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,[1]

    Defendant.

## **O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 22; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on November 22, 2024. In the Report, Judge Richardson recommends that the Commissioner's decision be affirmed. See Report at 18. On December 6, 2024, Plaintiff Anthony Reed Sergent filed objections to the Report, see Objection to Report and Recommendation (Doc. 23; Objections), and on December 18, 2024, Defendant filed a response to the Objections, see Acting Commissioner's Response to Plaintiff's Objections to the Magistrate Judge's

---

[1] On February 16, 2025, Leland Dudek became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure (Rule(s)), Leland Dudek is substituted for Carolyn Colvin as the defendant in this suit.

Report & Recommendation (Doc. 25; Response). Thus, the matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[2] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1.

The Court has reviewed the Report, the Objections, the Response, and the relevant record.  In the Objections, Sergent reiterates the arguments presented to the Magistrate Judge concerning the medical opinion of Dr. Fort. See generally Objections; see also Plaintiff's Memorandum of Law (Doc. 16; Plaintiff's Brief) at 8-17.  First, Sergent argues that the Magistrate Judge erred in finding that the ALJ appropriately considered the supportability factor when evaluating Dr. Fort's opinion.  See Objections at 1-2.  Sergent states that the Magistrate Judge's findings regarding the supportability of Dr. Fort's opinion are nothing more than post hoc rationalizations.  Id. at 2.  Notably, the supportability factor speaks to the support a medical source provides to justify the opinions rendered.  See 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.").  On review, the Court concurs with the Magistrate Judge's recommended finding that the ALJ properly considered the supportability factor in weighing Dr. Fort's opinion. See Report at 15-16.  The ALJ identified the specific opinions expressed by Dr. Fort and found those opinions to be "unpersuasive" because "Dr. Fort did not provide sufficient articulated support for the opinions."  See Social Security Transcript of Administrative Proceedings (Doc. 13; Transcript) at 382.  In

rejecting Sergent's challenge to the ALJ's decision, the Magistrate Judge correctly noted that the ALJ was not required to use the "magic word" of supportability in rendering his decision. See Report at 15 (citing Thaxton v. Kijakazi, No. 1:20-cv-616-SRW, 2022 WL 983156, *8 (M.D. Ala. Mar. 30, 2022)).[3] He further noted that "the ALJ considered the objective medical evidence, including treatment records, medical opinions, cervical, thoracic, and lumbar imaging, as well as [Sergent's] own testimony and actions," as required by the applicable regulations. See Report at 15 (citing Transcript at 382). The Magistrate Judge's determination that the ALJ properly considered the supportability factor in weighing Dr. Fort's opinion is fully supported by the record.

As for the consistency factor, the Magistrate Judge found that "Plaintiff's argument amounts to a request for the Court to re-weigh or reconsider the evidence." See Report at 17. Nevertheless, the Magistrate Judge concluded that the ALJ's consistency determination was supported by substantial evidence. Id. (citing Transcript at 379-83). In the Objections, Sergent argues that "the ALJ simply listed imaging results without any explanation of how they were inconsistent with Dr. Fort's opinion[.]" Objections at 3. Notably,

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

the relevant regulations provide that the consistency analysis requires weighing the relevant medical opinion with other evidence in the record. See 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). Here, the Magistrate Judge correctly found that the ALJ properly assessed the consistency of Dr. Fort's opinion with the rest of the available medical records. The ALJ pointed to diagnostic imaging that showed Sergent did not have significant thoracic disc herniation or nerve root compromise as evidence that was inconsistent with Dr. Fort's restrictive limitations and opinion. See Transcript at 382. Additionally, the ALJ cited ample evidence elsewhere in the decision, apart from diagnostic images, that showed inconsistencies with Dr. Fort's opinion. See id. at 378-382; see also Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1275-76 (11th Cir. 2024) ("[I]t is proper to read the ALJ's decision as a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]" (internal quotation and citation omitted). On this record, the Court will adopt the Magistrate Judge's finding that the ALJ properly conducted the consistency analysis in weighing Dr. Fort's opinion.

Finally, Sergent appears to challenge the ALJ's qualifications to interpret raw data in the medical record, such as medical imaging. See Objections at 3-4. However, the ALJ did not merely interpret these images—instead, the ALJ reviewed the medical opinions and evidence provided by other doctors within the record as a whole and determined that Dr. Fort's opinion was inconsistent with the other medical evidence. See Transcript at 380-83. Contrary to Sergent's contention that the ALJ seemingly substituted his opinions for those of the medical providers, the Court finds that the ALJ "properly carried out his regulatory role as an adjudicator responsible for assessing [Sergent's] RFC." See Castle v. Colvin, 557 F. App'x 849, 853 (11th Cir. 2014); see also 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence.").[4]

In sum, having reviewed the Report, the Objections, the Response, and the relevant record, the Court finds the Magistrate Judge's determination to be fully supported by the record and the applicable authority.

Accordingly, it is

**ORDERED**:

---

[4] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1. The Objections to the Report and Recommendation (Doc. 23) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 22) is **ADOPTED** as the opinion of the Court.

3. The Acting Commissioner's decision is **AFFIRMED**.

4. The Clerk of the Court is directed to enter judgment in favor of the Acting Commissioner and against Anthony Reed Sergent and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of February, 2025.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

Lc34

Copies to:
Counsel of Record

- 7 -